IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLY GUINAN | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 08-228 |
| A.I. duPONT HOSPITAL FOR | : | |
| CHILDREN, et al | : | |

## MEMORANDUM AND ORDER

LYNNE A. SITARSKI                                                   April 7, 2008
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is the motion of Defendants' William I. Norwood, M.D.,

Ph.D., and John Murphy, M.D., to Strike Plaintiff's Responses 1-7, 10-18, 21 and 24 to Requests

For Admissions and Deem the Responses Admitted (hereinafter "Doctors' Motion") (Doc. No.

4).  Also before this Court is the Motion of to Determine the Sufficiency of Molly Guinan's

Responses to Defendants' Requests For Admission, filed by the hospital defendants (hereinafter

"Hospital's Motion") (Doc. Nos. 7 and 11).[1]  Plaintiff Molly Guinan has opposed both motions

(Doc. No. 9 and 10).  The Court heard oral argument on April 4, 2008.

As more fully set forth herein, the motions are **GRANTED IN PART** and **DENIED IN**

**PART.**

---

[1]     Defendants Drs. Norwood and Murphy first brought this particular discovery
dispute to the attention of the Honorable R. Barclay Surrick by letter dated February 19, 2008.
Pursuant to 28 U.S.C. §636(b)(1)(A), and by Order dated February 29, 2008 (Doc. No. 3), Judge
Surrick referred this discovery dispute to the undersigned for resolution.  Defendants filed the
instant motions on March 6, 2008, and plaintiff filed their response in opposition to the motion
on March 19, 2008.  Oral argument was held on April 4, 2008.

## A.    LEGAL STANDARDS

"It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir.1983). Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may seek discovery of "any matter, not privileged, which is relevant to the subject matter in the pending action." *Fed. R. Civ. P. 26(b)(1).* "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Pursuant to Federal Rule of Civil Procedure 36, a party may serve Requests for Admission upon the opposing party.  "A party may serve upon any other party a written request to admit, for purpose of the pending action only, the truth of any matters within the scope of Rule 26 (b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  *Fed. R. Civ. P. 36(a).*  Rule 36 is intended to limit, to the extent practicable, issues that need to be proven at trial.  The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial.  *See Creely v. Genesis Health Ventures, Inc.,* 2005 WL 44526 at *2 (Jan. 10, 2005).

Once a party has answered or objected to a Request, the requesting party may seek a judicial determination of the sufficiency of the answers and/or the propriety of any objections.  *United States v. Lorenzo,* 1990 WL 83388 (E.D. Pa., Jun. 14, 1990).  In evaluating the sufficiency of the answers/objections, the court should consider:  (1) whether the denial fairly meets the substance of the Request; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification.  *Id.*

Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible and must be amended. *Caruso v. Coleman* Co., 1995 WL 347003 at *3 (E.D. Pa., Jun. 7, 1995) (citing *Philadelphia Gear Corp. V. Techniweld, Inc.,* 1992 WL 99622 at *2-3, E.D. Pa., May 1, 1992)); *Havenfield Corp. v. H & R Block, Inc.,* 67 F.R.D. 93, 97 (W.D. Mo.1973). The reviewing court should not allow the responding party to make "hair-splitting distinctions" that frustrate the purpose of the Request. *Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988).

The Advisory Committee Notes to the1970 Amendments to Rule 36 made it clear that it is not proper grounds for objection that the subject matter of the Request for Admission is "in dispute." The very purpose of the Request is to ascertain whether the answering party is prepared to admit the matter, or whether the party regards the matter as presenting a genuine issue for trial. In the answer, the party may deny the Request for Admission, or may give as his reason for inability to admit or deny, the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue. Rule 37(c) provides a sanction of costs only when there are no good reason for a failure to admit.

The revised Rule also requires the answering party to make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. It is irrelevant that a particular Request seeks admission of "ultimate facts." Rule 36 does not except such facts from its requirements. An objection based solely upon "genuine issue for trial" is not proper. *See Fed. R. Civ. P. 36(a)(5).*

**B.      THE DOCTORS' REQUESTS FOR ADMISSIONS**

　　　　**1.      Request Numbers 1 and 2.**

Requests 1 and 2 relate to the timing and the number of conversations that Molly

Guinan's parents had with Dr. Gidding about performing the Fontan completion by stent.

Plaintiff has responded with "denied as stated" and has offered answers that are evasive.

Defendants seek to ascertain whether the Guinan's discussed the Fontan completion by stent with

Dr. Gidding prior to October 2002.  Defendants also seek to ascertain whether the Guinan's had

more than one such conversation with Dr. Gidding prior to October 2002.  These Requests for

Admission are straightforward, and are deserving of a straightforward answer.  *See Coleman,*

*supra*, 1995 WL 347003 at \*3.

　　　　*The defendants motion to strike plaintiff's response is granted.   Plaintiff shall provide*

*amended answers to Requests 1 and 2 as drafted within ten (10) days*.


　　　　**2.      Request Numbers 3, 4, 5 and 21.**

In Requests 3, 4, and 5, the Doctor defendants seek to clarify whether plaintiff admits that

a particular consent form, attached to the Doctors' Request for Admission as Exhibit "A," was

signed by Kevin Guinan, and, if so, whether Mr. Guinan signed the document on October 14,

2002.  Plaintiff objects on the grounds that the Requests for Admission are burdensome.  Plaintiff

states that Mr. Guinan was shown many, many documents - including this document - during his

deposition, and was asked to confirm that he signed each document.  Thus, plaintiff argues, it is

unduly burdensome to ask Mr. Guinan to look at this document again.

Defendants acknowledge that they showed Mr. Guinan many documents, including this

one, at his deposition.  However, as to this particular document, defendants assert that the deposition record was not appropriately developed.  As defense counsel explained at oral argument, there are three (3) separate consent forms for the date in question, and there is some dispute as to which forms were presented to, and signed by, Mr. Guinan on the date in question.

Upon review of the deposition transcript, I agree that the record is unclear with respect to the authenticity of Mr. Guinan's signature on the particular consent form attached as Exhibit "A" to the Doctor defendants' Requests for Admissions.   As defense counsel admitted at oral argument, defense counsel could have been more careful to "close the loop" on the line of questioning relating to the consent form.  However, it makes little sense to require the defendants to wait until time of trial to find out plaintiff's position on the question of whether Mr. Guinan signed this particular consent form on October 14, 2002.  *See Doe v. Mercy Health Corp.*, 1993 WL 377064 at *10 (E.D. Pa., Sep.15, 1993).

Both parties agree that there is some question as to the authenticity of some of the many consent forms that are at issue in this case.  This underscores the need for a clear admission or denial from plaintiff as to authenticity of the signature on the particular document attached to the Requests for Admission as Exhibit "A."

***The defendants motion to strike plaintiff's response is granted.  Plaintiff shall provide amended answers to Requests 3, 4 and 5 as drafted within ten (10) days***.

In Request 21, the Doctor defendants seek an admission that Mr. Guinan signed each of the documents collectively attached as Exhibit "B" to the Requests for Admission.  Exhibit "B" is a collection of documents obtained from non-parties through discovery in this case.   Plaintiff objects to this request on the grounds of unreasonable burden, again arguing that Mr. Guinan was

shown many documents at his deposition, and was asked to confirm that he signed those documents.  However, both parties agree that the documents attached to the Request for Admission as Exhibit "B" were not shown to Mr. Guinan at his deposition.

Requests for Admission are the most efficient way to determine if plaintiff admits or denies that Mr. Guinan signed the documents attached as Exhibit "B" to the Requests for Admission.  However, the Doctor defendants cannot bundle all the documents together and seek a blanket admission or denial.  Defendants must serve Requests for Admission that separately identify each document attached as Exhibit "B," so that plaintiff can easily admit or deny whether Mr. Guinan signed each document.

***The defendants' motion with respect to Request 21 is denied.  However, defendants are granted leave to serve amended Requests for Admission that separately identify each document as to which the defendants seek admissions.  Defendants shall serve amended Requests within ten (10) days.***

3.     **Request Numbers 7, 17, and 18.**

Defendants served three Requests that inquire into the participation, or non-participation, of Drs.  Norwood and Murphy in discrete events that occurred during the course of Molly's treatment at DuPont Hospital.

Request 7 seeks an admission as follows: "Dr. Norwood did not participate in the Fontan completion using the CP stent on Molly."  Plaintiff denies this Request, pointing out that the term "participate" is ambiguous.  I agree that, given that Dr. Norwood was the Director of the Cardiac team, the term "participate" is ambiguous.  I find that plaintiff's response to Request 7 is

6

wholly appropriate and meets the requirements of Rule 36. ***The defendants' motion to compel further response to Request 7 is denied.***

Request 17 asks: "Dr. Norwood was not involved in Molly's care between March 24 and 31, 2003." Plaintiff responds by admitting only that "Mr./Mrs. Guinan did not speak with Dr. Norwood during Molly Guinan's admission of March 24, 2003." Again, given the role that Dr. Norwood played in Molly Guinan's care, the use of the term "involved in" renders the Request ambiguous. ***The defendants' motion to compel further response to Request 17 is denied.***

Request 18 seeks an admission that "Dr. Murphy was not involved in Molly's care between March 24 and 31, 2003." Plaintiff responds by admitting only that "Mr./Mrs. Guinan did not speak with Dr. Murphy[2] during Molly Guinan's admission of March 24, 2003." The use of the term "involved in" renders the Request ambiguous. ***The defendants' motion to compel further response to Request  18 is denied.***

### 4.      Request Numbers 10 through 16.

Requests 10 through 16 implicate medical issues. Requests 10 and 12 seek admissions concerning "rare, but known, complications" of medical procedures. Requests 11 and 13 seek admissions that protein losing enteropathy and plastic bronchitis can occur following a surgical Fontan; and Requests 14 through 16 seek admissions that Molly Guinan did not suffer harm,

---

[2]      Plaintiff's response actually reads, "Mr./Mrs. Guinan did not speak with Dr. ***Norwood*** during Molly Guinan's admission of March 24, 2003." At Oral Argument, plaintiff's counsel acknowledged that this response contains a typographical error, and agreed that the response should read as follows: "Mr./Mrs. Guinan did not speak with Dr. ***Murphy*** during Molly Guinan's admission of March 24, 2003." The Court considers this request so amended.

permanent harm, or permanent injuries as a result of the timing of a bronchoscopy conducted in March 2003.  Defendants also seek an admission that Molly Guinan did not suffer permanent injuries as a result of events that occurred between March 24 and April 1, 2003.  Plaintiff objects to Requests 10 through 16, and I will sustain these objections.

Regardless of the subject matter of the request, Requests for Admission propounded under Rule 36(a) should contain statements of fact that are simple and concise, so that they can be denied or admitted with minimal need for explanation or qualification.  *United Coal Companies v. Powell Construction Co.*, 839 F.2d 958, 968-69 (3d Cir. 1988).

Requests 10 through 16 cannot be answered without excessive explanation and qualification.  First, these Requests relate to complex medical issues beyond the ken of the average layperson, and so will require substantial explanation, most likely in the form of expert testimony.  Second, the use of highly subjective words in these requests (e.g., "rare, but known, complication" and "permanent harm") necessarily require explanation - probably from an expert - to give these terms some context.

Therefore, **plaintiff's objections to Requests 10 through 16 are sustained, and the Requests shall be stricken.  The defendants' is denied.**

**5.     Request Number 24.**

Request 24 seeks an admission that the Guinan's declined to have Molly participate in medical monitoring at AIDH.  Plaintiff responds "it is admitted only that an offer of monitoring for this unapproved, investigational device was offered to the parents of Molly Guinan only *after* the FDA investigation of Nemours DE, and as part of defendant Hospital's responses to the FDA

8

investigation and recommendations."  Plaintiff's response is evasive and does not answer a simple and direct question: did they decline to have Molly participate in medical monitoring at AIDH?

*The defendants' motion to compel a response to Request 24 is granted.  Plaintiff shall provide an amended answer to Request 24 within ten (10) days.*

## C.    THE HOSPITAL'S REQUESTS FOR ADMISSION.

Requests 1 and 2 propounded by the hospital defendants appear to paraphrase or summarize the findings of the Department of Health and Human Services Office for Civil Rights.

The opinion of Magistrate Judge Naythons in *Doe v. Mercy Health Corp.,* 1993 WL 377064 (E.D. Pa., Sept. 15, 1993) is instructive on this point.  A Request that quotes directly from a document, and asks the opposing party to admit that the documents contain those statements is proper.  Importantly, the party upon whom the Request is being served is NOT being asked to admit the truth of the statement, it is only being asked to admit that the document in question contains the quoted language.  It is not grounds for objection that the quoted or referenced statements are misquoted or taken out of context, or that "the documents speak for themselves."

If plaintiff believes that the reports do not say what defendant asks him to admit they do, or are otherwise "taken out of context," he may deny the Request for Admission. If, on the other hand, the statements are accurately quoted or referenced, he must admit the Request.  Of course, the plaintiff is free to present evidence at trial contradicting the quoted or referenced statement. A

Request that asks only that a party admit that a specific document contains a specifically quoted passage is proper.

      Accordingly, ***the Hospital's Requests 1 and 2 are stricken as drafted, with leave to re-serve these two Requests, consistent with the foregoing guidelines, within ten (10) days.***

## D.     CONCLUSION.

      For the foregoing reasons, Defendants' William I. Norwood, M.D., Ph.D., and John Murphy, M.D., Motion to Strike Plaintiff's Responses 1-7, 10-18, 21 and 24 to Requests For Admissions and Deem the Responses Admitted (hereinafter "Doctors' Motion") and Defendants' Motion to Determine the Sufficiency of Molly Guinan's Responses to Defendants' Requests For Admission (hereinafter "Hospital's Motion") are **GRANTED IN PART** and **DENIED IN PART**.

      An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATE MAGISTRATE JUDGE

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOLLY GUINAN | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 08-228 |
| A.I. duPONT HOSPITAL FOR | : | |
| CHILDREN, et al | : | |

## ORDER

**AND NOW,** this 7th day of April, 2008, upon consideration of the motion of defendants

Drs. Norwood and Murphy (Doc. No. 4) to Strike Plaintiff's Responses to Requests for

Admissions numbers 1-7, 10-18, 21 and 24; and plaintiff's response thereto (Doc. No. 10); and

upon consideration of  Motion of to Determine the Sufficiency of Molly Guinan's Responses to

Defendants' Requests For Admission, filed by the hospital defendants (hereinafter "Hospital's

Motion") (Doc. Nos. 7 and 11), and plaintiff's response thereto (Doc. No. 9); and the Court

having heard Oral Argument on these motions;

It is hereby **ORDERED** that defendants' motions are **GRANTED IN PART** and

**DENIED IN PART** as follows:

1.  The Doctors' Motion is GRANTED with regard to Requests Nos. 1, 2 and 6.

Plaintiff shall provide amended answers to requests 1, 2 and 6 as drafted within ten (10) days of

the date of this Order.

2.  The Doctors' Motion with respect to Requests Nos. 7, 17, and 18 is DENIED.

3.  The Doctors' Motion with respect to Request No. 24 is GRANTED.  Plaintiff

shall specifically respond to the statement as presented within ten (10) days of this Order.

4.  The Doctors' Motion with respect to Requests Nos. 3, 4, 5, and 21 is

GRANTED.  Plaintiff shall respond to these Requests within ten (10) days of this Order.

        5.  The Doctors' Motion with respect to Requests Nos. 10 through 16 is DENIED.

        6.  The Hospital's Motion with respect to Requests Nos. 1 and 2 is denied.

Requests Nos. 1 and 2 are stricken as drafted, and Defendants are granted leave to amend and re-serve these two requests within ten (10) days of the date of this Order.


                  BY THE COURT:


                    /s/ Lynne A. Sitarksi
                  LYNNE A. SITARSKI
                  UNITED STATE MAGISTRATE JUDGE

2