IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLY GUINAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-0228 |
| A.I. DUPONT HOSPITAL FOR | : | |
| CHILDREN, et al. | : | |

**<u>ORDER</u>**

AND NOW, this   28th   day of August, 2009, upon consideration of Plaintiff's Motion to Stay Proceedings Pending Appeal (Doc. No. 78), and Defendants' Motion for Reconsideration of Denial of Summary Judgment on Medical Monitoring Claim (Doc. No. 83), and all papers submitted in support thereof and in opposition thereto, it is ORDERED as follows:

1. Defendants' Motion for Reconsideration (Doc. No. 83) is DENIED.

2. The Court's Memoranda and Orders dated February 6, 2009 (Doc. Nos. 79, 80), and the Amended Order dated February 9, 2009 (Doc. No. 81), are hereby CERTIFIED for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Orders and the Amended Order involve controlling questions of law on which there could be substantial grounds for difference of opinion.  Immediate appeal has the potential to materially advance the ultimate termination of the litigation.  The following controlling questions of law are hereby CERTIFIED to the United States Court of Appeals for the Third Circuit:  (1) Would the Delaware Supreme Court recognize a medical monitoring cause of action if presented with the record in this case?  (2) If the appellate court answers the first certified question in the

        affirmative, would Plaintiff be able to state a claim for medical monitoring in Delaware?  (3) If the appellate court answers the first two certified questions in the affirmative, would Plaintiff meet her summary judgment burden of establishing a genuine issue of fact for trial regarding her medical monitoring claim?

3.     There having been a final determination on the merits as to Count I, Count II, Count III, Count IV, and Count V, and there being no just reason for delay, the Clerk is directed to enter final judgment on those claims dismissed by the Court's Orders dated February 6, 2009, and Amended Order dated February 9, 2009, pursuant to Federal Rule of Civil Procedure 54(b).

4.     Plaintiff's Motion to Stay (Doc. No. 78) is DISMISSED as MOOT.

IT IS SO ORDERED.

                                      BY THE COURT:

                                      _____
                                      R. Barclay Surrick, J.